**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **DONIELL DUNCAN,** | CASE NO. 3:23 CV 327 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | |
| **BRITTANIE KUHR,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### INTRODUCTION

*Pro se* Plaintiff Doniell Duncan filed this action against Brittanie Kuhr, a witness in another action Duncan filed in this federal court. Duncan alleges Kuhr complained to me that Duncan had served a subpoena on her in a threatening manner. Duncan denied this allegation, claiming it was completely false. Duncan brings claims for defamation under 28 U.S.C. § 4101, negligence under 15 U.S.C. § 1681o, obstruction of justice under 18 U.S.C. § 1505, and racketeering under 18 U.S.C. § 1503. She seeks compensatory damages for emotional distress and mental anguish, impairment of the quality of life, consequential losses, and punitive damages.

### BACKGROUND

Duncan brought an employment discrimination action against Lourdes University in this District Court on November 30, 2020. *See Duncan v. Lourdes University*, No. 3:20 CV 2665 (N.D. Ohio field Nov. 30, 2020) (Carr, J.). That case is still pending. On January 16, 2023, Duncan served Kuhr with a subpoena to take her deposition. She alleges that Kuhr contacted my chambers on January 17, 2023, through an electronic message, claiming Duncan made several attempts to

enter her home to interview her, and behaved in a manner that made Kuhr fear for her safety. Duncan was copied on the electronic message. I held an emergency status conference on January 18, 2023. Duncan denied the allegations, claiming they were completely false. Duncan alleges that I informed her that I had spent a considerable amount of time on the phone speaking directly with Kuhr trying to calm her down as she reported to me that Duncan had made attempts to enter her home. Duncan reiterated that the Kuhr's allegations were false. After reviewing the docket, the subpoena was permitted to stand.

Duncan now brings this action against Kuhr for reporting false information that painted Duncan in a negative light in her case against Lourdes University.

## STANDARD OF REVIEW

I am required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## DISCUSSION

This case lacks an arguable basis on law. None of the four statutes cited by Duncan are applicable to this situation. While 28 U.S.C. § 4101 includes language pertaining to defamation cases, it is the definition section of a statute providing for the recognition of foreign judgments, including judgments in defamation cases. A foreign judgment is expressly defined as a judgment from another country. This case does not concern a judgment in a defamation case from another country. Title 15 U.S.C. § 1681o provides a cause of action against a credit reporting agency for negligent compliance with the provisions of the Fair Credit Reporting Act ("FCRA"). Kuhr is not a credit reporting agency, and this case does not concern the FCRA. Both 18 U.S.C. § 1503 and 18 U.S.C. § 1505 are criminal statutes providing for criminal charges and penalties. They do not provide a private cause of action in a civil case. Duncan has given no indication of another cause of action she may have against this Defendant. Absent a plausible federal cause of action, I lack subject matter jurisdiction to consider this case.

## Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/James G. Carr

JAMES G. CARR
UNITED STATES DISTRICT JUDGE