IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Doniell Duncan,  Case No. 3:23-cv-00327-JGC

    Plaintiff,

  v.  **ORDER**

Brittanie Kuhr,

    Defendant.

    This is a frivolous defamation case. I previously dismissed it *sua sponte* because Plaintiff's claims were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion." *Duncan v. Kuhr*, 2023 WL 3479174, at *1 (N.D. Ohio May 16, 2023) (Doc. 7) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

    Plaintiff, a *pro se* litigant, cited four federal statutes as the bases of her Complaint, none of which were even remotely relevant to whatever it was she was attempting to state. *Id.*; *see also* 28 U.S.C. § 4101 (procedure for recognizing and enforcing defamation judgments entered by courts outside the United States); 15 U.S.C.§ 1681o (cause of action *against credit reporting agencies* for non-compliance with the Consumer Credit Protection Act); 18 U.S.C. § 1503 (a criminal statute); 18 U.S.C. § 1505 (a criminal statute). Plaintiff filed a Notice of Appeal on June 16, 2023, appealing my dismissal order. (Doc. 9).

    Now before me is Plaintiff's "Motion to Reconsider Order or Certify it under 28 USCA §1292(b)." I do not have jurisdiction to consider this Motion. I therefore deny it. I also find that Plaintiff is a vexatious filer, and I restrict her from filing anything further in this Court while her appeal is pending.

### Discussion

1. Jurisdiction

"It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995). Once Plaintiff filed her Notice of Appeal on June 16, 2023, I no longer had the power to make any decision regarding the merits of this case.

After filing her Notice of Appeal, Plaintiff moved before the Sixth Circuit "to hold briefing in abeyance pending the district court's ruling on a motion filed pursuant to Federal Rule of Civil Procedure 60(b)." (*See* Doc. 14). The Sixth Circuit denied the motion, noting there was no such Rule 60(b) motion on my docket. (*Id.*)

Apparently, Plaintiff took this as an invitation to file one. She did so on March 7, 2024, well after the Notice of Appeal removed my jurisdiction. I do not have jurisdiction to decide Plaintiff's Motion.

2. Vexatious Filer

I further find that Plaintiff is a vexatious filer whose conduct has and continues to disrupt the business of this Court and the Court Clerk.

I have already told Plaintiff in a related case that "[h]er Notice of Appeal removes my jurisdiction and vests it in the Sixth Circuit, thus barring my further adjudication of the merits of this case." *Duncan v. Lourdes Univ.*, No. 3:20-CV-2665-JGC, 2023 WL 7474052, at *1 (N.D. Ohio Oct. 18, 2023). I ordered that Plaintiff "shall file no further pleadings or papers in this Court" related to that case while the appeal was pending. (*Id.*). And I cautioned her that "if she disregards this instruction, I will consider sanctions as appropriate under Fed. R. Civ. P. 11, 28

2

U.S.C. § 1927, and my inherent power to control the conduct of litigants appearing before me." (*Id.*).

Plaintiff violated that order on December 10, 2023, when she filed before me a motion for an extension of time to transmit the record on appeal. *See id.*, Doc. 68. Plaintiff violated it again when she filed a second motion requesting an extension on December 20, 2023. *See id.*, Doc. 74. I denied both on January 8, 2024 because I lacked jurisdiction to consider the motions. *See id.*, Doc. 76.

Plaintiff violated my order a third time when she filed a "Motion to Vacate the January 8th 2024 Ruling." *Id.*, Doc. 77. I denied the motion, stating:

> There is nothing currently pending before this Court. Nonetheless, Plaintiff continues to improperly file various meritless motions. She has become a vexatious filer whose filings are disrupting the orderly conduct of business by this Court Clerk's Office. That being so, I hereby expressly bar her from further filings that are in any way related to this case. Failure to comply with this request may lead to the imposition of sanctions for contempt of court.

*Id.*, Doc. 78. Plaintiff is repeating her vexatious conduct here. And I incorporate my finding from the *Lourdes University* case and apply it herein.

From the outset, Plaintiff has caused havoc in this Court through her vexatious and meritless conduct. I recognize that *pro se* litigants like Plaintiff do not have the level of training and knowledge of lawyers. I am thus required to construe their filings and claims liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

But this is not a free pass to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). The Sixth Circuit recognizes that "[a] district court has the authority to issue an injunctive order to prevent

3

prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Fin.*, 229 F.3d 1154 (6th Cir. 2000). I do so here.

I impose upon Plaintiff in this case the same restrictions as I imposed in *Duncan v. Lourdes University*, No. 3:20-CV-2665-JGC. Plaintiff shall file nothing further in this Court unless and until the Sixth Circuit remands the case, returning my jurisdiction.

## Conclusion

It is, accordingly, ORDERED THAT:

1. Plaintiff's "Motion to Reconsider Order or Certify it under 28 USCA §1292(b)" (Doc. 15) be, and the same hereby is, denied for lack of jurisdiction.
2. Plaintiff be, and the same hereby is, deemed a vexatious filer.
3. Plaintiff's ability to file directly electronically be, and the same hereby is, withdrawn.
4. The Clerk shall accept no further filings of any sort until such time as the Sixth Circuit Court of Appeals remands Plaintiff's case, if such remand occurs.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge